IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LAMAR FLYNN,                              :

      Plaintiff,                         :

vs.                                       :   CIVIL ACTION 06-0189-BH-C

CHARLES McKEE, et al.,                    :

      Defendants.                        :


REPORT AND RECOMMENDATION

This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4) for appropriate action. It is recommended that this action be dismissed without prejudice for Plaintiff's failure to prosecute.

This action was transferred from the Middle District of Alabama and filed with this Court on March 30, 2006. Thereby, Plaintiff's complaint was not on this Court's form. Further, Plaintiff did not pay the $250.00[1] filing fee at the time he filed his complaint with the Middle District, nor did he pay the filing fee or file a motion to proceed without prepayment of fees after the action was transferred to this District.

On April 12, 2006, the Court ordered Plaintiff by May 5, 2006, to complete and file this Court's form for a complaint under 42 U.S.C. § 1983 and to either pay the filing fee or complete and file this Court's form for a motion to proceed without prepayment of fees. Plaintiff was warned that failure to comply with that order or to notify the Court immediately of a change in

---

[1] Because this action was filed on March 30, 2006, before April 9, 2006, the date when the filing fee was increased to $350.00, Plaintiff is only responsible for the $250.00 filing fee.

address would result in the dismissal of this action for failure to prosecute and to obey the Court's order.

On April 26, 2006, Plaintiff filed his complaint together with a motion to proceed without prepayment of fees. Upon review of Plaintiff's motion (Doc. 7), the Court found that Plaintiff was required to pay a $8.17 partial filing fee. On May 3, 2006, the Court ordered Plaintiff to pay the partial filing within twenty (20) days of receipt of this order (Doc.9).[2] Plaintiff was again warned that his failure to comply with the order within the prescribed time would result in the dismissal of his action.

Plaintiff did not pay the partial filing fee but instead filed a response on May 12, 2006 (Doc. 10). As best the Court could discern, Plaintiff stated that he did not have any money presently in his prison account even though he receives $40 a month, he would not pay any money for this action, and he would take an appeal when his action is dismissed. On January 31, 2007, the Court ordered that Plaintiff was responsible for the payment of the $8.17 partial filing fee even though at the time he received the Court's order he may not have had any money in his account. In order for this action to proceed, the Court granted Plaintiff an extension and ordered Plaintiff on or before February 28, 2007, to pay $8.17, or file a printout of deposits into his account from May 3, 2006 to February 28, 2007. Again, the Plaintiff was warned that failure to comply with this order within the prescribed time would result in the dismissal of this action for failure to prosecute and to the Court's order. Plaintiff has not paid the partial filing fee, nor has he otherwise responded to the Court's order.

---

[2] The Court incorrectly stated in its May 3, 2006 order that the Clerk is directed to require the appropriate agency to collect the "$350.00" filing fee from Plaintiff's prisoner account in the manner prescribed by 28 U.S.C. § 1915(b)(2). It should have stated "$250.00." [see fn 1]

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action by paying the partial filing fee, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this 8th day of March, 2007.

                                             s/WILLIAM E. CASSADY
                                             UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.